UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENALDO RICHARDSON,

      Plaintiff,

v.

      Civil Action No. 05-CV-73339-DT
      HONORABLE GEORGE CARAM STEEH
      UNITED STATES DISTRICT JUDGE

MARK HACKEL, et. al.

      Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

This matter is before the Court on Plaintiff Renaldo Richardson's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner currently confined at the Macomb County Jail in Mount Clemens, Michigan. The Court has reviewed plaintiff's complaint and now dismisses it for failing to state a claim upon which relief can be granted.

### II. STANDARD OF REVIEW

In order to state a claim under 42 U.S.C.§ 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Absent either element, a section 1983 claim will not lie. *Hakken v. Washtenaw County*, 901 F. Supp. 1245, 1249 (E.D. Mich.

1

1995). A *pro se* civil rights complaint is to be construed liberally. *Middleton v. McGinnis,* 860 F. Supp. 391, 392 (E.D. Mich. 1994). Under The Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should *sua sponte* dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *See McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

### III. **COMPLAINT**

Plaintiff injured his finger while playing basketball at the Macomb County Jail. Plaintiff requested to see a doctor. On or about May 26, 2005, Doctor Beclin had plaintiff's finger x-rayed. Plaintiff was never informed of the results of the first x-ray. Because his finger was still swollen, crooked, and in pain, plaintiff requested to see the jail doctor again. Plaintiff's finger was x-rayed a second time. After the second x-ray, plaintiff asked to speak with Doctor Beclin again. Doctor Beclin informed plaintiff that the x-rays indicated that his finger was not broken. Plaintiff asked Doctor Beclin to have him sent to the hospital to have a M.R.I. (magnetic resonance

imaging) test performed on his finger to see if there was any ligament, cartilage, or structural damage. Doctor Beclin denied petitioner's request for an M.R.I., but agreed to raise plaintiff's pain medication from 600 mg. to 800 mg. Plaintiff is currently taking this medication. Plaintiff filed a grievance with Mr. Ron Tyra, the head of the medical department at the Macomb County Jail, in which he again requested a M.R.I. Plaintiff claims that Mr. Tyra never answered his grievance, instead suggesting that plaintiff should "write my congressman." Plaintiff now seeks monetary damages.

## IV. **DISCUSSION**

Under the Eighth Amendment to the U.S. Constitution, prison officials must provide adequate medical care to prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Brooks v. Celeste*, 39 F. 3d 125, 127 (6th Cir. 1994). The Eighth Amendment prohibition against unnecessary and wanton infliction of pain is violated when there is deliberate indifference to the serious medical needs of an inmate. *Hicks v. Grey*, 992 F. 2d 1450, 1454-1455 (6th Cir. 1993).

The test to determine whether prison or jail officials have been deliberately indifferent to an inmate's serious medical needs, in violation of the Eighth Amendment prohibition against cruel and unusual punishment, has an objective and subjective component. *Napier v. Madison County, Ky.,* 238 F. 3d 739, 742 (6th Cir. 2001)(*citing to Brown v. Bargery,* 207 F. 3d 863, 867 (6th Cir. 2000)). The objective component requires an inmate to show that the alleged deprivation is sufficiently

serious, and poses a substantial risk of serious harm.  The subjective component is satisfied if the inmate shows that prison officials had a "sufficiently culpable state of mind." *Napier v. Madison County, Ky.,* 238 F. 3d at 742 (*citing to Farmer v. Brennan,* 511 U.S. at 834).  In other words, to prove deliberate indifference, a plaintiff must show that the defendant "knew of, yet disregarded, an excessive risk to his health." *Logan v. Clarke*, 119 F. 3d 647, 649 (8th Cir. 1997).

    A  complaint that a doctor has been negligent in diagnosing or treating a medical condition of a prisoner does not state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Sanderfer v. Nichols,* 62 F. 3d 151, 154 (6th Cir. 1995); *Kaufman v. Carter*, 952 F. Supp. 520, 525 (W.D. Mich. 1996). "[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106.  For purposes of applying the deliberate indifference test to prisoner's medical claims, courts make a distinction between cases where there has been a complete denial of medical care and those cases where an inmate claims inadequate medical treatment.  In the latter cases, federal courts are reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law. *Kaufman v. Carter,* 952 F. Supp. at 525 (quoting *Westlake v. Lucas*, 537 F. 2d 857, 860 (6th Cir. 1976)).  A mere difference of opinion between a prisoner and a doctor with respect to diagnosis and treatment of the prisoner's medical condition does not rise to the level of a constitutional deprivation. *See Rumsey v. Michigan Dept. Of Corrections,* 327 F.

Supp. 2d 767, 777 (E.D. Mich. 2004).

In the present case, plaintiff claims that the defendants violated his constitutional rights by not having him sent for an M.R.I. test. Whether diagnostic techniques or particular forms of treatment are indicated for a prisoner is a matter for medical judgment and a medical decision not to order such measures does not equate with cruel and unusual punishment in violation of the Eighth Amendment. *See Sult v. Prison Health Services Polk County Jail,* 806 F. Supp. 251, 252 (M.D. Fla. 1992). In this case, plaintiff has been seen by a doctor at the Macomb County Jail on several occasions, he has had x-rays performed on him, and medication has been prescribed. Thus, the defendants' failure to order an M.R.I. for plaintiff fails to state a valid claim under § 1983. *Id.* at 252-53. While the Court is sympathetic with plaintiff's plight and he may very well have a viable state law medical malpractice claim against the defendants, his claim does not entitle him to federal civil rights relief under 42 U.S.C. § 1983.

To the extent that plaintiff is seeking monetary relief from the defendants for failing to respond to his grievance, he has also failed to state a viable claim under § 1983. The wrongful denial of a jail or prison grievance does not violate any federal right, "as there is no inherent constitutional right to an effective prison grievance procedure." *Keenan v. Marker,* 23 Fed. Appx. 405, 407 (6th Cir. 2001)(*citing to Hewitt v. Helms,* 459 U.S. 460, 467 (1983)). Moreover, state law does not create any liberty interest in a grievance procedure. *Id.* Thus, a jail or prison official's refusal to

5

process an inmate's grievance or failure to see that such grievances are properly processed does not rise to the level of a due process violation. *See Brooks v. Berg,* 270 F. Supp. 2d 302, 307 (N.D.N.Y. 2003); *vacated in part on other grds,* 289 F. Supp. 2d 286 (N.D.N.Y. 2003); *see also Bittner v. Wilkinson,* 19 Fed. Appx. 310, 313 (6th Cir. 2001)(state inmate did not state viable § 1983 claim when he alleged that prison officials denied or disregarded his grievances over alleged incidents in which inmate was assaulted or subjected to retaliation by prison officers).

### V. CONCLUSION

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

                    s/George Caram Steeh

                    GEORGE CARAM STEEH
                    UNITED STATES DISTRICT JUDGE

Dated: September 6, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on September 6, 2005, by electronic and/or ordinary mail.

                    s/Josephine Chaffee

                    Secretary/Deputy Clerk

`